Bates *v.* Fuller.

## L. M. BATES & CO. *v.* F. G. FULLER.

1. PLEADINGS AND PRACTICE. *Return of officer. Evidence.* At law no averment can be made against the return of the officer by a party to the record, but the rule is different when the averment or attack is made by a third party, or stranger to the record, he may, by parol testimony, dispute the truth of the return, at law.

2. CONVEYANCE. *By insolvent debtor. Not fraudulent. When.* A sale of property by an insolvent debtor to a purchaser, who purchases in good faith, for a fair price, without intending to defraud the vendor's creditors, is not guilty of fraud, and the sale is valid.

3. CHARGE OF COURT. To charge that the "defendant cannot '*gouge*' the plaintiff in any such way," while inelegant and not of poetic rhythm, and perhaps not æsthetic in taste, and might have been stated more "mildly," and yet as "firmly," is not reversible error.

---

FROM DAVIDSON.

---

Appeal in error from the Law Court of Nashville. Jo C. GUILD, J.

Jo D. WADE and N. MALONE for Bates & Co.

J. C. BRADFORD for Fuller.

TURNEY, J., delivered the opinion of the court.

J. H. Bond and — Scruggs were merchants in Nashville, doing business in the name of Bond & Scruggs. They sold their stock to Fuller for the price of $6,500, which there is proof showing to be a full consideration, a good price, and that the sale was made in good faith.

It is pretty clear the firm was insolvent at the time of sale. Plaintiffs were judgment creditors, and had the goods levied upon as the property of Bond. Scruggs was a mere nominal partner. Fuller claiming to have purchased the goods, replevied from the officer. There was judgment for the plaintiff, and Bates & Co., have appealed.

There is proof tending to show that the levy was made one day later than the day recited in the return of the officer. It is insisted the court erred in admitting this testimony. That at law no averment can be made against an officer's return.

In all the cases upon this question, the controversy has been between the parties to the record, in the case in which the return was made. In such cases, the rule grows out of the right of the injured party to redress upon the official bond of the delinquent officer. If an officer levies upon the property of one not a party to the proceeding, he becomes a trespasser, and may not defend himself by the introduction and proof of such execution and return. It is only in cases where he may lawfully do the act complained of, that his return is conclusive as between the parties to the proceedings. As in this case, having an execution against the goods of one man, but levies it upon the goods of another, he disobeys the command of the process, departs from the duties of his office, and makes himself a wrong-doer. When, however, he is attempted to be charged as such trespasser, he may show title in the defendant in the execution in his hands, or want of ownershp, or fraudulent claim of the party seeking to charge him.

'It is next argued, the court erred in allowing the plaintiff to prove title in himself of a time previous. to the day laid in the declaration.

Under the rule clearly announced, and as the jury has found upon the parol testestimy, that the seizure by Shaw was on the 20th, as laid in the declaration, and not on the 19th as returned by Shaw, the question is unimportant in this case.

In his charge to the jury, the circuit judge said: "The defendant insists that if Fuller knew that Bond & Scruggs were in debt, and had been sued, that a purchase by him from them, would be fraudulent, but I say to you, gentlemen, that is not the law in Tennessee. The law is, that if a vendee buys property from the vendor honestly, and not with the intention of defrauding the vendor's creditors, and pays him a proper consideration, that is a good sale, and is not invalidated by the fact that the vendee knew that the vendor was in debt. A man has got the right to sell. his property, and the party purchasing has got a right to his bargain, provided it is *bona fide*, and no intention to defraud, and if the vendor is in debt, it makes no difference, the defendant cannot gouge the plaintiff out of their property in no such way, if the transaction is fair and *bona fide*."

The objection to the charge is not well taken as to the law it contains. The criticism upon the word "gouge," as an element in composition, is perhaps justifiable. But as in the connection in which it is used, we cannot see that it had a tendency to mislead the jury, or in any way influence its finding. We can-

not hold its use to be reversible error. A better or more elegant expression might have been used. The charge of the court might have been conveyed more "mildly," and yet as "firmly," in softer phrases, still there is, in this instance, no rule of law violated, and so long as this is the case, it is not in the province of this court to severely criticise the medium of communication from the trial judge to the jury.

. Affirmed.